**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

IN THE MATTER OF:

Cynthia Anderson,                          Bankruptcy Case No. 13-32336
                                                     Honorable Daniel S. Opperman
                         Debtor.                Chapter 7
_____ /

## TRUSTEE'S MOTION FOR AUTHORITY TO SELL NONEXEMPT PROPERTY TO DEBTOR PURSUANT TO 11 U.S.C. 363(b)

Collene K. Corcoran, Trustee, by and through her counsel, Beadle Smith, PLC, hereby states for Trustee's Motion for Authority to Sell Nonexempt Property to Debtor Pursuant to 11 U.S.C. 363(b) as follows:

1. On July 2, 2013, Cynthia Anderson ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11.

2. Subsequent to the aforementioned filing, Collene K. Corcoran was appointed the duly qualified and acting Trustee in this matter.

3. The Debtor has an interest in certain real estate and disclosed on her Schedule A which is held with her husband as tenants by the entirety ("Entireties Property"). The Debtor is entitled to exempt the Entireties Property pursuant to 11 U.S.C. §522 but not to the extent that there are joint obligations of the Debtor and her husband. The Trustee has identified three joint obligations of the Debtor and her husband which are as follows:

        Capital One         $2,052.06

        CitiCorp            $2,763.84

        Elga CU             $2,584.64

for a total of $7,400.54 ("Joint Debt").

4. After good faith, arm's length negotiations, and without collusion, Trustee and Debtor have agreed that the Debtor shall pay to the bankruptcy estate the sum of $7,400.54 ("Settlement Proceeds"). The Settlement Proceeds shall be paid in equal consecutive monthly payments of $400.00 commencing on January 1, 2014 and continuing thereafter until paid in full. A copy of the Sale Agreement is submitted herewith as Exhibit 6-A.

1

5. Until full payment as required pursuant to this Agreement, the Entireties Property shall remain property of the bankruptcy estate. The Entireties Property is being transferred as is where is and subject to all liens and encumbrances.

6. This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval and is subject to better offers received by the Trustee prior to obtaining bankruptcy court approval of this sale.

7. The Trustee believes that a sale of this property is in the best interest of the estate and creditors and believes the price is fair and reasonable.

8. Trustee is seeking authority to sell the Vehicle pursuant to 11 U.S.C. §363(b).

**WHEREFORE**, the Trustee requests this Honorable Court enter the proposed Order submitted herewith granting the Trustee authority to sell the nonexempt property to the Debtor for the full sum of $7,400.54 pursuant to the terms of the Sale Agreement submitted herewith and for such other and further relief this Court deems just and proper.

Respectfully submitted,

BEADLE SMITH, PLC

 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorney for Trustee
445 S. Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 15
ksmith@bbssplc.com

Date: 1/7/14

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,                      Bankruptcy Case No. 13-32336
                                                    Honorable Daniel S. Opperman
                    Debtor.             Chapter 7
_____ /

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SELL NONEXEMPT PROPERTY TO DEBTOR PURSUANT TO 11 U.S.C. 363(b)**

This matter having come before this Honorable Court based upon the Trustee's Motion for Authority to Sell Nonexempt Property to Debtor Pursuant to 11 U.S.C. 363(b); no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

    **NOW, THEREFORE,**

    **IT IS HEREBY ORDERED** that Trustee's Motion is granted and Debtor shall pay to the Trustee the full sum of $7,400.54 pursuant to the terms of the Sale/Settlement Agreement submitted with the Trustee's Motion as full and final settlement of the estate's interest in the Entireties Property.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,                                Bankruptcy Case No. 13-32336
                                                                                             Honorable Daniel S. Opperman
                        Debtor.                  Chapter 7
_____/

### NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR AUTHORITY TO SELL NONEXEMPT PROPERTY TO DEBTOR PURSUANT TO 11 U.S.C. 363(b)

       Trustee, Collene K. Corcoran, has filed Trustee's Motion for Authority to Sell Nonexempt Property to Debtor Pursuant to 11 U.S.C. 363(b). The Debtor has an interest in certain real estate and disclosed on her Schedule A which is held with her husband as tenants by the entirety ("Entireties Property"). The Debtor is entitled to exempt the Entireties Property pursuant to 11 U.S.C. §522 but not to the extent that there are joint obligations of the Debtor and her husband. The Trustee has identified three joint obligations of the Debtor and her husband which are as follows:

         Capital One         $2,052.06
         CitiCorp             $2,763.84
         Elga CU              $2,584.64

for a total of $7,400.54 ("Joint Debt").
After good faith, arm's length negotiations, and without collusion, Trustee and Debtor has agreed to resolve the estate's interest in the Entireties Property by having the Debtor pay the estate the sum of $7,400.54 ("Sale Proceeds").
Upon full and timely payment by the Debtor as set forth above, this settlement is in full and final settlement of all claims the Trustee may assert in the Entireties Property. This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

       The Trustee believes that the sale of this property is in the best interest of the estate and creditors and believes the price is fair and reasonable. Trustee is seeking authority to sell the property pursuant to 11 U.S.C. §363(b).

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within <u>21</u> days, you or your attorney must:

     1.       Pursuant to L.B.R. 9014-1 (E.D.M.), file with the Court a written objection explaining your position at:[1]

                United States Bankruptcy Court
                226 West Second Street, Flint, MI 48502

          If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

          You must also mail a copy to:

          Kevin M. Smith, Attorneys for Trustee [see address below]

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)

Date Served: 1/7/14      ksmith@bbssplc.com

[1]Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,  Bankruptcy Case No. 13-32336
 Honorable Daniel S. Opperman
        Debtor.  Chapter 7
_____/

## BRIEF IN SUPPORT

Trustee relies on the law set forth in Trustee's motion.

  Respectfully submitted,

  BEADLE SMITH, PLC


   /S/ Kevin M. Smith
  By: Kevin M. Smith (P48976)
  Attorney for Trustee
  445 S. Livernois, Suite 305
  Rochester Hills, MI 48307-2577
  (248) 650-6094, Ext. 15
  Ksmith@bbssplc.com

Date: 1/7/14

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,　　　　　　　　　　　　　　Bankruptcy Case No. 13-32336
　　　　　　　　　　　　　　　　　　　　　　　Honorable Daniel S. Opperman
　　　　　Debtor.　　　　　　　　　　　　　　Chapter 7
_____/

**CERTIFICATE OF SERVICE**

　　　I hereby certify that on 1/7/14 , I served the following Paper:

Trustee's Motion for Authority to Sell Nonexempt Property to Debtor Pursuant to 11 U.S.C. 363(b), Proposed Order, Notice of Requirement of Written Response to Trustee's Motion for Authority to Sell Nonexempt Property to Debtor Pursuant to 11 U.S.C. 363(b), Brief in Support, this Certificate of Service, Affidavits and Exhibit List with Exhibit

on the following parties at these addresses:

Cynthia Anderson
8348 Beecher Road
Flushing, MI 48433

by the following means:

United States first-class mail

**A COPY OF THE NOTICE REQUIRING A WRITTEN RESPONSE WAS ALSO SERVED UPON THE ATTACHED COURT MATRIX BY US MAIL AND ALL DOCUMENTS LISTED ABOVE WERE SERVED BY ECF TO ECF PARTICIPANTS .**

　　　　　　　　　　　　　　　　　BEADLE SMITH, PLC

　　　　　　　　　　　　　　　　　 /S/ Kevin M. Smith
　　　　　　　　　　　　　　　　　By: Kevin M. Smith (P48976)
　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　445 South Livernois, Suite 305
　　　　　　　　　　　　　　　　　Rochester Hills, MI 48307
　　　　　　　　　　　　　　　　　(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
　　　　　　　　　　　　　　　　　Ksmith@bbssplc.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-4<br>Case 13-32336-dof<br>Eastern District of Michigan<br>Flint<br>Tue Jan  7 11:23:07 EST 2014 | Cynthia Suzanne Anderson<br>8348 Beecher Road<br>Flushing, MI 48433-9479 | Attorney General<br>PO Box 30736<br>Lansing, MI 48909-8236 |
| Bank of America<br>PO Box 17054<br>Wilmington, DE 19850-7054 | CACH, LLC c/o Fred Gardner<br>350 N. Orleans Street, Ste. 300<br>Chicago, IL 60654-1607 | Capital One<br>PO Box 6492<br>Carol Stream, IL 60197-6492 |
| Capital One NA<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | CitiCorp Credit Services<br>PO Box 3107<br>Southeastern, PA 19398-3107 | Collene K. Corcoran<br>P.O. Box 535<br>Oxford, MI 48371-0535 |
| Elga Credit Union<br>PO Box 4521<br>Carol Stream, IL 60197-4521 | Emily McDonough<br>PO BOX 30736<br>Lansing, MI 48909-8236 | GE Money Retail Bank<br>950 Forrer Blvd.<br>Dayton, OH 45420-1469 |
| GMAC<br>PO Box 380901<br>Bloomington, MN 55438-0901 | Genesee County Treasurer<br>1101 Beach Street<br>Flint, MI 48502-1475 | George E. Plunkey<br>6208 King Arthur Dr.<br>Swartz Creek, MI 48473-8808 |
| Internal Revenue Service<br>917 N. Saginaw Street<br>Flint, MI 48503-1735 | Kohls Department Store<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | McLaren-Flint<br>1459 S. Center Road<br>Burton, MI 48509-1726 |
| Sumita Nagpal<br>Shedd, Frasier & Grossman, PLLC<br>G-5121 Flushing Road<br>Flushing, MI 48433 | Randy Moore<br>3076 W. Stanely Road<br>Mount Morris, MI 48458-9484 | Randy Moore<br>3076 W. Stanley Road<br>Mount Morris, MI 48458-9484 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Septic Maxx, LLC<br>14000 South Military Trail<br>Delray Beach, FL 33484-2600 | Kevin Smith<br>445 S. Livernoius, Ste 305<br>Rochester Hills, MI 48307-2577 |
| Kevin M. Smith<br>Beadle Smith, PLC<br>445 South Livernois<br>Suite 305<br>Rochester Hills, MI 48307-2577 | Star Truck Rentals<br>3940 Eastern Ave. S.E.<br>Grand Rapids, MI 49508-2497 | Thomas L. Bylenga<br>3940 Eastern Ave. SE<br>Grand Rapids, MI 49508-2497 |
| Valerie Linsenman<br>1442 Stephens Ave<br>Flint, MI 48507-3249 | End of Label Matrix<br>Mailable recipients   27<br>Bypassed recipients    0<br>Total                 27 | |

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,                                   Bankruptcy Case No. 13-32336
                                                               Honorable Daniel S. Opperman
                           Debtor.                 Chapter 7
_____/

**<u>AFFIDAVIT</u>**

None.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

Cynthia Anderson,                            Bankruptcy Case No. 13-32336
                                             Honorable Daniel S. Opperman
                 Debtor.               Chapter 7
_____/

## **EXHIBIT LIST**

| Exhibit | Description |
| --- | --- |
| 6-A | Sale/Settlement Agreement |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN THE MATTER OF:

Cynthia Anderson,　　　　　　　　　　　　Bankruptcy Case No. 13-32336
　　　　　　　　　　　　　　　　　　　　　Honorable Daniel S. Opperman
　　　　　　Debtor.　　　　　　　　　　　　Chapter 7
_____/

## SALE/SETTLEMENT AGREEMENT

Collene K. Corcoran, Trustee ("Trustee") and Cynthia Anderson ("Debtor")(the Trustee and Debtor are collectively referred to as the "Parties"), through their respective attorneys, agree as follows:

1. The Trustee is the duly appointed Chapter 7 trustee in this bankruptcy case.

2. The Debtor has an interest in certain real estate and disclosed on her Schedule A which is held with her husband as tenants by the entirety ("Entireties Property"). The Debtor is entitled to exempt the Entireties Property pursuant to 11 U.S.C. §522 but not to the extent that there are joint obligations of the Debtor and her husband. The Trustee has identified three joint obligations of the Debtor and her husband which are as follows:

| | |
|---|---|
| Capital One | $2,052.06 |
| CitiCorp | $2,763.84 |
| Elga CU | $2,584.64 |

for a total of $7,400.54 ("Joint Debt").

3. In an effort to resolve the estate's interest in the Entireties Property without the need for the sale of the Entireties Property, Trustee and Debtor have agreed that the Debtor shall pay to the bankruptcy estate the sum of $7,400.54 ("Settlement Proceeds"). The Settlement Proceeds shall be paid in equal consecutive monthly payments of $400.00 commencing on January 1, 2014 and continuing thereafter until paid in full.

4. The payment of the Settlement Proceeds as set forth above shall be made payable to Collene K. Corcoran, Trustee and delivered to her at P.O. Box 535, Oxford, MI 48371.

5. Until full payment as required pursuant to this Agreement, the Entireties Property shall remain property of the bankruptcy estate. The Entireties Property is being transferred as is where is and subject to all liens and encumbrances.

6. Provided that this Agreement is not in default by the Debtor, the remaining balance shall not accrue interest. If Debtor fails to cure any monetary or non-monetary default of this Agreement within fourteen (14) days ("Default"), then and in such event, the Trustee, may declare all unpaid Settlement Proceeds immediately due and payable, without notice or demand, and impose interest on any unpaid balance from the date of the default forward at the

1

rate of six (6) percent per annum. Upon Default of this Agreement by the Debtor, Debtor agrees to pay any and all expenses, including actual attorneys' fees and legal expenses, paid or incurred by the Trustee in collecting the Settlement Proceeds and taking possession of the Property for the purposes of sale by the Trustee to satisfy the amount due pursuant to this Settlement Agreement up to the amount of the joint claims. By entering into this settlement agreement, the Trustee is not waiving her right to liquidate the Entireties Property or in any way eliminating the Joint Debt. The Parties agree that the Debtor does not have an exemption in the Entireties Property to the extent of $7,400.54 which is not satisfied until full payment hereunder

7. Any delay on the part of the Trustee in the exercise of any right or remedy shall not operate as a waiver thereof, no single or partial exercise by the Trustee of any right or remedy shall preclude any other future exercise thereof or the exercise of any other right of remedy, and no waiver or indulgence by the Trustee of any default shall be effective unless in writing and signed by the Trustee.

8. This Sale/Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

9. This Sale/Settlement Agreement may be executed in counterparts which will have the same force and effect as if a single agreement was executed. The Parties also consent to be bound by signatures reproduced by facsimile or other means.

10. This Sale/Settlement Agreement contains the entire agreement between the Trustee and the Debtors and may only be modified by written consent between the Parties.

Agreed to:

/S/ *Cynthia Anderson* (w/ permission).
Cynthia Anderson, Debtor

Dated: 12/12/13

COLLENE K. CORCORAN, TRUSTEE

By: /S/ Kevin M. Smith
Kevin M. Smith (P48976)
Beadle Smith, PLC
Attorneys for Trustee
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094
ksmith@bbssplc.com

Dated: 12/11/13

2